IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Joseph O. Tucker and Donald Russell Lawson, Jr., | ) | C.A. No. 7:09-1368-HMH |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **OPINION & ORDER** |
| vs. | ) | |
| | ) | |
| South Carolina Department of Public Safety Division, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the Plaintiffs' motion to remand. For the reasons set forth below, the court grants the Plaintiffs' motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 15, 2009, the Plaintiffs filed the instant action against the South Carolina Department of Public Safety Division ("SCDPS") in the Court of Common Pleas for the Seventh Judicial Circuit, Spartanburg County, South Carolina. The complaint states the following claims: breach of contract, promissory estoppel, failure to pay wages pursuant to S.C. Code Ann. § 41-10-10 et seq., and an equal protection violation based on the unfair application of S.C. Code Ann. § 8-11-10 et seq.

On May 26, 2009, SCDPS removed this action to federal court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, on the ground that the complaint presents a federal question. The Plaintiffs filed the instant motion to remand on June 1, 2009. SCDPS filed a response in opposition to the Plaintiffs' motion on June 18, 2009.

1

## II. DISCUSSION OF LAW

SCDPS was entitled to remove the instant case if the Plaintiffs could have brought it in federal district court originally pursuant to 28 U.S.C. § 1441(a), as a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The burden of establishing federal jurisdiction is upon the party seeking removal. See, e.g., Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). As a general proposition, "[a] suit arises under the law that creates the cause of action." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983) (quoting Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916)). "Thus, the vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1985).

> A federal question "is presented" when the complaint invokes federal law as the basis for relief. It does not suffice that the facts alleged in support of an asserted state-law claim would also support a federal claim. The [well-pleaded-complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 12 (2003) (internal quotation marks omitted).

SCDPS asserts that federal jurisdiction exists because the complaint states "a claim for an alleged violation of the Plaintiffs' guarantees of equal protection under the law." (Def. Not. Removal 1.) SCDPS submits that the "Plaintiffs' equal protection cause of action is not clearly based on South Carolina law, but sounds in federal law." (Def. Mem. Opp'n Mot. Remand 3.) The Plaintiffs allege in the complaint that SCDPS's "administration of the [sick leave] policy . . . violates equal protection of the law." (Compl. ¶ 18.) However, the complaint is silent

2

regarding whether the equal protection claim alleges a violation of federal or state law. The other claims alleged in the complaint clearly arise under South Carolina law.

In the motion to remand, the Plaintiffs allege that "Plaintiffs' equal protection cause of action is clearly based on South Carolina law." (Pls. Mem. Supp. Mot. Remand 1.) The equal protection claim in the complaint does not state that it arises under the United States Constitution. However, the complaint alleges that SCDPS violated the Plaintiffs' rights to "equal protection of the law" based on the unfair application of a South Carolina statute concerning payment for sick leave. (Compl. ¶ 18.) The Plaintiffs have not invoked federal law in their complaint. Further, the Plaintiffs have affirmatively stated they are not invoking federal law as the basis for relief on their equal protection claim. "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." Merrell Dow, 478 U.S. at 809, n.6. If there are doubts as to the court's jurisdiction, remand of the case is required pursuant to 28 U.S.C. § 1447(c). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

The Plaintiffs' complaint is devoid of any mention of the United States Constitution, 42 U.S.C. § 1983, or any other federal bases for relief. Further, the Plaintiffs' decision to file suit in state court and to make no mention of federal law supports the conclusion that the Plaintiffs exercised their right to rely solely on state law. Based on the Plaintiffs' representations and the complaint, the Plaintiffs have limited their claims to state law claims. Therefore, the court is without jurisdiction to consider this matter and a remand is necessary.

3

Therefore, it is

**ORDERED** that the Plaintiffs' motion to remand, docket number 6, is granted.  The court instructs the Clerk of Court to remand this case to the Court of Common Pleas for Spartanburg County, South Carolina.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
June 19, 2009